IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CREATIVE CONSUMER CONCEPTS, INC.,

                Plaintiff,

v.                                              Case No. 05-CV-2045-CM-DJW

LAURA KREISLER,

                Defendant.

**STIPULATION FOR THE PROTECTION AND
<u>EXCHANGE OF CONFIDENTIAL INFORMATION</u>**

        For good cause shown, and based upon the parties' agreement and stipulation, the Court hereby grants the parties' Joint Motion for Protective Order (doc. 16). Accordingly, it is hereby ordered that the following provisions shall govern discovery in these proceedings:

        1.      Creative Consumer Concepts ("C3") and Laura Kreisler ("Kreisler") expect that documents containing personnel information regarding Kreisler as well as financial information of C3 ("Confidential Materials") either will be or have been produced in discovery. To protect the privacy interests of Kreisler and C3 and potential proprietary interests of the C3, any document, portion of a document, or information containing Confidential Material that the producing party designates in writing or by stamp as Confidential shall be treated as such by all other parties to this action (collectively, the "receiving parties") unless the Court or a Special Master (if one shall be appointed by the Court) shall rule otherwise.

        2.      All documents designated "Confidential Materials" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3. Confidential Materials shall be disclosed to and viewed by only the receiving parties, their counsel of record, paralegal assistants, secretaries, expert witnesses, and deposition or trial witnesses ("Authorized Persons") and only in connection with the above-captioned litigation, as described in paragraph 9 below. Before any Authorized Person other than counsel of record for the receiving parties is given access to Confidential Materials, that person shall be furnished with a copy of this Order and shall sign at the end thereof the following statement:

> I have read the foregoing Order relating to confidentiality, understand all of its terms and provisions, and agree to be bound thereby in all respects. In addition, I agree not to use such confidential information for the commercial benefit of myself or any other person.

No party shall be required to identify such persons, or produce copies of said statements except <u>in camera</u> for good cause shown.

4. Should counsel for any receiving party receive any particular document or information that they believe should be designated as Confidential Materials, counsel shall notify counsel for the producing party within five (5) day of receipt or ten (10) days after this order has been signed for documents previously produced in writing specifying with particularity the document or information designated as Confidential Materials and such shall be treated as Confidential by all other parties to this action.

5. Should counsel for the receiving parties object to the designation by the producing party of any particular document or information as Confidential Materials, such counsel shall notify counsel for the producing party in writing that he objects to the designation, specifying

with particularity the document or information he believes has been improperly classified and the basis for his contention that said document should not be designated as Confidential Materials. Thereafter, the parties will either agree upon the handling of the disputed document or information, or if such agreement is not possible, counsel for the receiving parties may file with the Court a motion, or request a phone conference with the Court, objecting to the designation of such document or information as Confidential Materials. During the pendency of any such motion, or conference, the document or information in question shall be handled in accordance with the terms of paragraphs 3, 7, 8, and 9 of the Order.

6. As used herein, the term "document" encompasses any and all writings of any kind, including without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, print-outs, cartridges, recording, keypunch cards, and all similar materials, whether electronically, mechanically, or manually readable. The term "document" is to be given a broad definition and interpretation.

7. No one who has access to Confidential Materials pursuant to this Order shall distribute, disclose, divulge, publish, or otherwise make available any Confidential Materials, copies thereof, or extracts or summaries therefrom, to any other person, except persons who are also authorized to view or have access to Confidential Materials pursuant to this Order, and except the Court or employees thereof as necessary in the conduct of the above-captioned litigation, unless such persons have first obtained leave of the Court or the consent of the producing party to disclose such Confidential Materials.

8. In the event any party wishes to use Confidential Materials at a deposition, the producing party may compel all persons other than the deponent, court reporter, and Authorized Persons to be excused from the depositions during the time that the Confidential Materials are

being disclosed or discussed. At the time of the deposition or within ten (10) days after receipt of the deposition transcript, the producing party may designate as Confidential Materials certain portions of the transcript, which contain or relate to Confidential Materials. All portions of deposition transcripts shall be treated as Confidential Materials until ten (10) days after receipt of the deposition transcript by the producing party. If the producing party, within ten (10) days of receipt of such designation transcript designates portions of the transcript as confidential, said producing party shall cause the transcript to be stamped "Confidential Materials."

9. Unless leave of the Court, if any, or consent of the producing party is first obtained as outlined in paragraph 6 above, Confidential Materials shall be used by the receiving party solely in connection with the above-captioned litigation, including appeals.

10. Within sixty (60) days following final disposition or resolution of the above-captioned litigation, including all appeals, counsel for the receiving party shall surrender to counsel for the producing party all Confidential Materials previously furnished by the producing party, including copies, extracts, and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation. Nothing in this Order shall prevent counsel for the receiving parties from retaining, subject to consent of the producing party or order of the Court or Special Master, as provided below, any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential Materials and that constitute attorney's work product, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in paragraphs 3, 7, 8, and 9 of this Order. Counsel for any of the receiving parties who wishes to retain such materials shall give counsel for the producing party notice of his intention and, upon demand shall provide to counsel for the producing party a description of said materials and a statement of the basis for

counsel's position that they constitute attorney's work product.  Should the producing party object to the retention of such materials, it may file with the Court or Special Master, if any, a motion for an appropriate protective order.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Protective Order (doc. 16) is granted.

IT IS SO ORDERED, this 22nd day of June 2005.

                                                                        s/ David J. Waxse
                                                                       David J. Waxse
                                                                       U.S. Magistrate Judge

Respectfully Submitted,

SEIGFREID, BINGHAM, LEVY
 SELZER & GEE, P.C.

By  /s/Rachel H. Baker
   Rachel H. Baker     KS. No. 70148
   Sharon Coberly     KS. No. 16960
   Lara M. Owens     KS. No.  21913
   2800 Commerce Tower
   911 Main Street
   Kansas City, Missouri 64105
   Phone:  816-421-4460
   Fax:  816-474-3447
   rbaker@sblsg.com
   scoberly@sblsg.com
   lowens@sblsg.com
ATTORNEYS FOR PLAINTIFF

and

   /s/Laura Kreisler
   Laura Kreisler
   6229 Moats Avenue
   Kansas City, Missouri 64133
   Home:  816-737-1790
   Cellular:  816-456-3460
   Facsimile:  None
   Email:  laurakreisler@kc.rr.com
   PRO SE DEFENDANT