# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CREATIVE CONSUMER CONCEPTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-2045-CM |
| | ) |
| LAURA KREISLER, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER WITH RESPECT TO CERTAIN DEPOSITION TOPICS AND MOVANT'S CERTIFICATION

**COMES NOW** Plaintiff Creative Consumer Concepts, Inc. ("C3"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.2, and moves the Court to issue a Protective Order with respect to certain deposition topics. As grounds for this motion, C3 states the following:

1. Several depositions of C3's key employees are currently scheduled during the next three weeks, including the following depositions: Robert Cutler, CEO of C3, on September 2, 2005; Joy Baker-Flanigan, C3's Talent Service Specialist, on August 31, 2005; and Robert Heckert, Sr. Vice President of Client Services and Sales, on September 7, 2005.

2. Through Defendant's discovery requests as well as discussions with Defendant's counsel, C3 has learned that Defendant intends to inquire about certain subjects during the depositions of Mr. Culter, Ms. Flanigan, and Mr. Heckert, that are not even remotely calculated to lead to the discovery of admissible evidence. C3 believes Defendant's purpose for these inquiries is merely to harass, annoy and embarrass C3 and Mr. Culter.

3. More specifically, counsel for Defendant is expected to ask Mr. Culter, Ms. Flanigan, and Mr. Heckert questions regarding C3's clients and vendors, in particular C3's business relationships with overseas vendors and contacts, and compensation of C3 employees and management. Additionally, with respect to Mr. Cutler, Defendant is expected to ask Mr. Cutler about a credit card account with The Merton Company, LTD, used by Mr. Culter, and an "Agency Agreement" between C3 and The Merton Company, LTD.

4. C3 recognizes that discovery is broad and that "[t]he information sought need not be admissible at the trial if the information sought appears calculated to lead to the discovery of admissible evidence." FED. R. OF CIV. PROC. 26(b)(1). However, Rule 26(b)(1) of the Federal Rules of Civil Procedures makes it clear that discovery must seek information that is both "relevant to the claim or defense of any party" and reasonably calculated to lead to the discovery of admissible evidence. *Id*. (Emphasis added). Parties are not allowed to misuse discovery as mere fishing expeditions. *Orleman v. Jumpking, Inc.*, 2000 WL 1114849, *2 (D. Kan. 2000).

5. The anticipated questioning is neither relevant nor reasonably calculated to lead to admissible evidence. Admissible evidence in this case will relate to the following issues: whether the release is valid; whether Defendant embezzled funds from C3 and if so, how much; and, where the money has gone or is now. Facts relevant to these issues include what, if anything, C3 knew about the alterations to the Release Agreement prior to its execution; whether Defendant withheld the fact that she had altered the Release from C3 to include a release of her own conduct; whether the individual who signed the altered document did so with knowledge of the changes and authority; whether C3 knew of Defendant's embezzlement when it terminated her employment; when and how C3 learned of Defendant's embezzlement; the reasons for

Defendant's termination; Defendant's embezzlement; and what Defendant did with the embezzled money.

6.  The identity of C3's clients and vendors; the nature of C3's business relationships with overseas vendors and contacts; and the compensation of C3 employees and management have no bearing on the issues in this case. In addition, neither the Merton Company, LTD credit card account, "Agency Agreement" with The Merton Company, LTD nor any other information relating to The Merton Company, LTD has any bearing on this case. Moreover, certain of this information constitutes trade secret or confidential commercial information. In as much as questions on these topics are not within the <u>permissible</u> scope of discovery, their only purpose is to harass and annoy.

7.  Federal Rule 26(c) provides that upon motion for a protective order, "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from *annoyance, embarrassment*, oppression or undue burden or expense, including one or more of the following: (4) that certain matters not be inquired into . . .; and (7) trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FED. R. OF CIV. PROC. 26(c).

8.  To allow Defendant to examine C3 personnel on these topics would cause annoyance, embarrassment and impose an undue burden and expense on C3. Therefore, they are inappropriate topics for discovery.

9.  Pursuant to Rule 26(c) of the Fed. Rules of Civ. Pro., movant's counsel certifies that she and Defendant's counsel have had numerous discussions regarding the subject of this motion and are at an impasse. Defendant's counsel offers no explanation for the anticipated line

of questioning and continues to insist he will inquire into these areas, leaving C3 no alternative but to file this motion.

10. This motion is timely in that, until the hearing on Tuesday, August 16, 2005, counsel for C3 believed that the scheduled depositions were limited to the issue surrounding the validity of the release. Moreover, counsel for C3 reported to the Court on August 23, 2005 that these issues continued to be outstanding.

WHEREFORE, for the foregoing reasons, C3 requests the Court to enter a protective order that Defendant not be allowed to examine any witnesses, including Mr. Cutler, Ms. Flanigan, and Mr. Heckert, regarding C3's clients and vendors; C3's business relationships with overseas vendors and contacts; the compensation of C3 employees and management; and the credit card account and the "Agency Agreement" with The Merton Company, LTD pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure. A Proposed Order will be e-mailed to: KSD_Waxse_chambers@KSD.USCourts.gov in Word Perfect format.

    Respectfully Submitted,

    SEIGFREID, BINGHAM, LEVY
    SELZER & GEE, P.C.

    By /s/ Sharon A. Coberly
       Rachel H. Baker    KS. No. 70148
       Sharon Coberly    KS. No. 16960
       Lara M. Owens    KS. No. 21913
       2800 Commerce Tower
       911 Main Street
       Kansas City, Missouri 64105
       Phone: 816-421-4460
       Fax: 816-474-3447
       rbaker@sblsg.com
       scoberly@sblsg.com
       lowens@sblsg.com

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that this original document (Plaintiff's Motion for Protective Order with Respect to Certain Deposition Topics) was filed with the Court via the Case Management/Electronic Court Filing system on this 25th day of August, 2005, and notice thereof was served in accordance therewith via regular United States mail, postage prepaid, to:

Richard D. Dvorak
Jonathan Tomes
Tomes & Dvorak, Chartered
7111 West 98th Terrace, Suite 140
Overland Park, Kansas 66212
(913) 385-7990
Fax: (913) 385-7997

                                          /s/  Sharon A. Coberly
                                          Attorney for Plaintiff